UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT OF        CIVIL ACTION
OCEAN RUNNER, INC., ETC., ET AL

                                                 NO. 04-530 & CONSOL. CASES

                                                 SECTION "C" (5)

## ORDER AND REASONS

This matter comes before the Court on motion for partial summary judgment regarding application of fault apportionment filed by the owners, charterers and managing owners of the ZIM MEXICO III, MS "Peter Rickmers" Schiffsbeteilingungsgesellschaft mbH & Co. KG, Petri Shipping Limited and Rickmers Reederei GmbH & Cie.KG, AS (collectively "Rickmers"), joined in by Anna Marie Lopez, individually and as person representative of the Estate of Daniel Lopez, Jr. Having considered the record, the memoranda of counsel and the law, the Court has determined that partial summary judgment is appropriate for the following reasons.

The ZIM MEXICO III and the LEE III, owned and operated by Ocean Runner, Inc. ("Ocean Runner"), were involved in an accident in the Southwest Pass of the Mississippi River on February 21, 2004. At the time of the collision, Ocean Runner's LEE III was being operated by a

1

compulsory pilot, Daniel Lopez, Jr. ("Lopez").[1]  This motion seeks a determination whether Ocean Runner is prevented as a matter of law from seeking recovery against Rickmers as a joint tortfeasor for any property damages owed to Ocean Runner by Lopez but unsatisfied by his estate.  Ocean Runner argues that it may seek such recovery based on the concept of joint and several liability recognized by the general maritime law, combined with the recent authority of Withhart v. Otto Candies LLC, 431 F.3d 840 (5th Cir. 2005), where a vessel owner was allowed to sue its negligent employee for property damage under the Jones Act.  Ocean Runner theory is focused on collection of any potential damages and apparently assumes the insolvency of the estate.

Ocean Runner's first argument in opposition to this motion, however, is its alleged prematurity.  Although there may be legal authority for this proposition, contrary jurisprudence, practice and logic present dictate deciding what is a pure issue of law that may have a significant impact on resolving the case.  As Judge Clement noted in Casualty Reciprocal Exchange v. Johnson, 1992 WL 300769, fn 1(E.D.La.):

> It is not unusual for courts to consider, prior to a finding of liability, questions that are only relevant if the defendant is liable.  For example, litigants often move for partial summary judgment on the availability of punitive damages, particular elements of damage (*e.g.*, lost profits, emotional distress, and pre-judgment interest.

This Court finds that the issue presented in this motion is ripe for purposes of Article III of the Constitution.  Babbitt v. United Farm Workers National Union, 442 U.S. 289 (1979).

Rickmers argues in this motion that there is no support for the Ocean Runner's "bold

---

[1]  It appears that the parties agree that the negligence of this pilot is imputed to the LEE III for purposes of this motion.

2

theory" that flies in the face of well-established respondeat superior application in maritime cases. It emphasizes that <u>Withhart</u> did not address the issue now presented in this motion, did not address the implications of joint and several liability at all, and that the vessel owner was pursuing only its own property damages from Withhart. Rickmers looks for support that in a recovery action, the employer's recovery will be reduced by the comparative fault of the employee, as in <u>Nutt v. Loomis Hydraulic Testing Co., Inc.</u>, 552 F.2d 1126, 1130 (5th Cir. 1977), which rejected a "very similar theory," albeit in a personal injury/respondeat superior context. (Rec. Doc. 193, p. 7). In <u>Nutt</u>, the negligence of one vessel operator was imputed to that vessel owner for purposes of justifying indemnity or contribution to another vessel also negligent in the accident.

The Court is not presented with any jurisprudence which squarely supports either Rickmers or Ocean Runner. As noted by the Fifth Circuit in <u>Withhart</u>, "[t]his is an issue of first impression in this Circuit and, surprisingly, an issue of first impression in the federal circuit courts." <u>Withhart</u>, 431 F.3d at 841. This recognition strongly suggests that the Fifth Circuit did not intend to venture further than the unique issue presented in that case, which was whether a maritime employer can sue his own employee for property damage. There is no indication in that opinion that the new rule was intended to be used in the manner now advocated by Ocean Runner.

That is not to say, however, that this Court lacks guidance for the determination of the issue presented in this motion. In <u>Coats v. Penrod Drilling Corp.</u>, 61 F.3d 1113 (5th Cir. 1995), the Fifth Circuit was presented with a proposed novel modified joint liability rule. "Nevertheless, on more than one occasion, the Supreme Court has counseled against the adoption of a distinctively minority view." <u>Coats</u>, 61 F.3d at 1130. This consideration ultimately carried <u>Coats</u>:

3

> It bears repeating that the Supreme Court has been willing to consider positions where no uniform consensus has been developed, ... but the Supreme Court has explicitly stated that it is "unwilling to consider a rule that has yet to be applied in any jurisdiction." ... We to are unwilling, and we may be unauthorized to adopt the modified joint liability proposal urged ...

Coats, 61 F.3d at 1134. The Fifth Circuit noted that the fact that "no decision has explicitly considered and rejected modified joint liability, such a widespread lack of consideration, if true, further convinces us that adopting modified joint liability, and creating a wholesale change in the admiralty, is unwise." Coats, 61 F.3d at 1134, fn 2. After noting that the United States Supreme Court in McDermott, Inc. v. AmClyde, 511 U.S. 202, (1994), had observed that federal admiralty statutes do not impose "any limit on our authority to fashion the rules that will best answer the question by this case," the Fifth Circuit in Coats continued:

> In contrast, as we have explained, the federal admiralty statutes and our concerns for uniformity and harmonization do provide some limits on our authority to adopt modified joint liability in this case as a new rule of the general maritime law.

Coats, 61 F.3d at 1137, fn. 29. In the end, the Coats decision recognized the *stare decisis* implications identified in Maragne v. State Marine Lines, Inc., 398 U.S. 375, 403 (1970) that weigh against recognition of a modification of longstanding admiralty rules:

> [1] the desirability that the law furnish a clear guide for the conduct of individuals, to enable them to plan their affairs with assurance against untoward surprise; [2] the importance of furthering fair and expeditious adjudication by eliminating the need to relitigate every relevant proposition in every case and [3] the necessity of maintaining public faith in the judiciary as a source of impersonal and reasoned judgment.

Coats, 61 F.3d at 1137.

The rule proposed here, extrapolated from the distinct rule originated in Withhart, is no less

4

revolutionary than the modification proposed in Coats. The application proposed by Ocean Runner could apply in a majority of collision cases in which there is property damages. It would appear that vessels generally operate under the control of individual humans, that these humans may be susceptible to negligent conduct and that these humans, as maritime workers, may not have the financial wherewithal to respond to a six-figure property damage award obtained by its employer. Withhart provided the inspiration for the novel application proposed by Ocean Runner. That inspiration, however falls short of sufficient support for recognition of the rule created by Ocean Runner for purposes of this motion; standing alone, the upsetting effect such a rule could have on maritime commerce as it currently exists would prevent this Court from embracing it.

In addition to the lack of clear jurisprudential support in Ocean Runner's argument, and the jurisprudential restraints imposed on this Court from recognizing such a new rule of maritime law, it appears to this Court that the argument fatally suffers from its own circuity. Even if the Ocean Runner could recover Lopez's proportion in full from Rickmers, this Court has not been presented with the attendant authority theory preventing Rickmers, in turn, from seeking indemnity from Ocean Runner based on imputed negligence and respondeat superior, which enjoy respect in the admiralty equal to joint and several liability.

Finally, the Court notes that, in dismissing the "novel" claim presented, the Withhart district court also certified the issue for immediate review under 28 U.S.C. § 1292(b). Withhart, 431 F.3d at 841. Given the scope of the collision at issue here, the nature of the argument advanced by Ocean Runner, and the effect that Ocean Runner's position has taken in the

5

advancement and possible settlement of this matter, to the extent that this ruling is not otherwise immediately appealable under 28 U.S.C. §1292(a)(3), this Court finds that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation for purposes of 28 U.S.C. § 1292(b).

Accordingly,

IT IS ORDERED that the motion for partial summary judgment regarding application of fault apportionment filed by the owners, charterers and managing owners of the ZIM MEXICO III, MS "Peter Rickmers" Schiffsbeteilingungsgesellschaft mbH & Co. KG, Petri Shipping Limited and Rickmers Reederei GmbH & Cie.KG, AS, joined in by Anna Marie Lopez, individually and as person representative of the Estate of Daniel Lopez, Jr. is GRANTED. (Rec. Doc. 192).

IT IS FURTHER ORDERED that this order be and hereby is CERTIFIED for immediate appeal under 28 U.S.C. §1292(b).

New Orleans, Louisiana, this 10th day of April, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE