UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT OF      CIVIL ACTION
OCEAN RUNNER, INC., ETC., ET AL

                                            NO. 04-530 & CONSOL. CASES

                                            SECTION "C" (5)

### ORDER AND REASONS

This matter comes before the Court on motion for partial summary judgment regarding measure of recovery in total loss filed by the owners, charterers and managing owners of the ZIM MEXICO III, MS "Peter Rickmers" Schiffsbeteilingungsgesellschaft mbH & Co. KG, Petri Shipping Limited and Rickmers Reederei GmbH & Cie.KG, AS (collectively "ZIM MEXICO III"). Having considered the record, the memoranda of counsel and the law, the Court has determined that partial summary judgment is appropriate for the following reasons.

The LEE III, owned and operated by Ocean Runner, Inc. ("Ocean Runner"), contends that it was a total loss as a result of the subject February 21, 2004, accident. This motion seeks a determination whether Ocean Runner is permitted as a matter of law from seeking recovery against the ZIM MEXICO III for damages in excess of the LEE III's sound market value at the time of the accident, together with post-casualty interest. Specifically, the mover seeks dismissal

1

of claims for loss of business, loss of profits and business interruption.

The motion is solidly supported as aptly set forth by Judge Feldman in <u>Marquette Transportation Co., Inc. v. Louisiana Machinery Co., Inc.</u>, Civ. Act. No. 00-1504 "F" (E.D. La., May 4, 2001):

> On the damages issue, the defendants assert that plaintiff vessel owner is only entitled to the market value of the vessel because it was declared a constructive total loss. The Court agrees.
>
> It is well settled that when a ship is a total loss, constructive or actual, the measure of damages is its value at the time of the loss, less salvage value received, plus interest and the net freight pending at the time of the loss. <u>The UMBRIA</u>, 166 U. S. 404, 421-22, 17 S.Ct. 610, 617, 41 L.Ed.2d 1053 (1897); <u>The Pillsbury Co. v. Midland Enterprises, Inc.</u>, 715 F.Supp. 738, 763 (E.D.La. 1989). The measure of damages for a total loss does not include loss of use or other consequential damages. <u>Albany Ins. Co. v. Bengal Marine, Inc.</u>, 857 F.2d 250, 253 (5th Cir. 1988) (citing <u>King Marine Serv. Inc. v. NP Sunbonnet</u>, 724 F.2d 1181, 1186-1187, n. 2 (5th Cir. 1984)). The vessel owner in a total loss situation may not recover compensation for contemplated profits and/or loss of use of the ship. <u>A &S Transp. Co. v. Tug Fajardo</u>, 688 F.2d 1, 2-3 (1st Cir. 1982). A loss of use is not allowed since "[t]he owner is made whole by receiving the value of the boat at the time of the loss and interest compensates for the owner's time value of money." <u>King Fisher</u>, 724 F.2d at 1187. The plaintiffs ask the Court to deviate from this well settled area of law. The Court declines to do this.

Ocean Runner opposes the motion with an itemization of its "demonstrable losses – i.e., its out of pocket expenses attributable to the collision and the practical destruction of its business" and that maritime law should be supplemented by state law to allow the recovery of all of its losses.[1] (Rec. Doc. 200, p. 4). "Not a single authority, cited ... or otherwise, holds that the 'fair market value' of a vessel is the sole measure of damages to be awarded to a vessel owner in a case of

---

[1] In reply, ZIM MEXICO III agrees that certain out-of-pocket expenses are recoverable, but maintains that claims for business interruption, loss of business opportunity, lost profits and business destruction are not.

2

total loss." (Rec. Doc. 200, p. 5). Ocean Runner also relies on the fact that in <u>Albany</u>, <u>supra</u>, an award for damages in addition to the fair market value of the vessel was affirmed, that in <u>Complaint of Seabulk Offshore, Ltd.</u>, 212 F.Supp.2d 696, 697-698 (S.D.Tex. 2002), the value of the vessel was deemed to include "the value of her future contribution to work," and that in <u>Barger v. Hanson</u>, 426 F.2d 640 (9th Cir. 1970), a stipulated value for loss of use was awarded. It claims that fair market value is intended to compensate for the loss of the vessel alone, that there is no uniform federal rule regarding other damages for purposes of <u>Yamaha v. Calhoun</u>, 516 U.S. 199, 206 (1996), thereby permitting the supplementation by state law for "business destruction" <u>Achee v. National Tea Co.</u>, 686 So.2d 121 (La. App. 1st Cir. 1996). In reply, ZIM MEXICO III notes that the court in <u>Fishbones, Inc. v. Southern Boat Service of La, Inc.</u>, 849 So.2d 803 (La. App. 4th Cir. 2003), rejected the argument presented by Ocean Runner as to the applicability of Louisiana law, and that the <u>Barger</u> decision was limited to its facts, which do not exist here.

    The arguments presented by ZIM MEXICO III are sound. There is no controlling Supreme Court or Fifth Circuit law supportive of the argument that claims for business interruption, loss of business opportunity, lost profits and business destruction are recoverable in a "total loss" situation such as that presented in these consolidated actions. The Ocean Runner's arguments are presented in the midst of established jurisprudence that "[i]n the case of total loss of a vessel, the measure of damages is its market value, if it has a market value, at the time of destruction." <u>Standard Oil Co. of New Jersey v. Southern Pacific Co.</u>, 268 So.2d 146, 155 (1925). As recognized by Judge Feldman in the <u>Marquette Transportation</u> case, this Court is not at liberty to ignore the remarkably clear edict of the Supreme Court or the Fifth Circuit on this

3

issue.

Accordingly,

IT IS ORDERED that motion for partial summary judgment regarding measure of recovery in total loss filed by the owners, charterers and managing owners of the ZIM MEXICO III, MS "Peter Rickmers" Schiffsbeteilingungsgesellschaft mbH & Co. KG, Petri Shipping Limited and Rickmers Reederei GmbH & Cie.KG, AS is GRANTED. (Rec. Doc. 193).

New Orleans, Louisiana, this 10th day of April, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE